CHARLES R. JONES, Chief Judge.
| rThe Appellant, Joseph Cox d/b/a Glo-borx, Inc., seeks review of the judgment of the First City Court (city court) granting the Petition for Eviction of the Appellees, Cory R. Cahn, Mike Cahn, III, Whitney Cahn, Sandra Cahn, and Capital One Bank, NA, Trustee of the Cahn Trust, represented by Snappy Jacobs, CCIM Real Estate Management, LLC. Finding that the city court did not err in granting *1032 the Petition for Eviction of the Appellees, we affirm the judgment of the city court.
The Appellant, Joseph Cox d/b/a/ Glo-borx, Inc. (“Mr. Cox”), leased commercial property located at 616 Royal Street in New Orleans, from the Appellees[1]. The lease was dated and signed February 17, 2009. The monthly rent under the lease for the first ten months of the lease was $1,500 per month, $1,750 per month for the year following, and any rental thereafter of $2,000 per month, increasing to $2,500 on February 12, 2012. The lease agreement held between the parties provided in pertinent part:
|2A. Any of the following shall constitute a default by LESSEE hereunder:
1) Any failure on the part of LESSEE to pay rent or other sums due hereunder within thirty days after the date such sums are due;
Mr. Cox took possession of the property thereafter. Following his occupancy, he was persistently tardy in his rental obligations under the lease, and payments made were regularly dishonored. However, on numerous occasions, Mr. Cox would inform the Appellees ahead of time of the late payment and the Appellees accepted the late payments.
In August 2011, a dispute arose between the parties regarding rent payments. Shortly after tendering a check to Mr. Jacobs for the August rent, Mr. Cox informed Mr. Jacobs that the check could not be negotiated through the bank and therefore, he would provide Mr. Jacobs with a different form of payment that month. After almost two weeks of being late on the rental payment for August, Mr. Jacobs informed Mr. Cox that the Appel-lees would require full payment of the August rent, in addition to all the unpaid rent and late fees owed to the Appellees in order to continue the lease agreement. Upon receiving this information, Mr. Cox provided a partial payment in the amount of $1000 to the Appellees. Subsequent to that, the Appellees, in writing, informed Mr. Cox of the Appellees’ intent to terminate the lease as Mr. Cox was in default under the terms of the lease agreement.
Twice in August 2011, as well as on September 2, 2011, the Appellees notified Mr. Cox that he was in default under the lease, advised that the lease was |3being terminated, and informed Mr. Cox that he was required to vacate the premises. Having failed to vacate or pay the rent amount owed, Mr. Cox was again notified by the Appellees to vacate on October 17, 2011, and again Mr. Cox failed to do so. Accordingly, on October 26, 2011, a Verified Petition for Eviction was filed by the Appellees and a Rule to Show Cause scheduled for November 2, 2011. On the morning of trial, Mr. Cox filed an “Answer” which failed to address the salient issue that he had failed to pay rent. The hearing then proceeded with Mr. Cox requesting a continuance so that he could secure counsel to represent him, and the city court agreed to continue the hearing for one week. The following week, Mr. Cox appeared for trial, without counsel, and the matter proceeded. The city court granted the eviction finding that Mr. Cox’s arguments as to why he should not be evicted were wholly without merit.
Mr. Cox timely filed this instant appeal and raises two (2) assignments of error:
1) Whether the city court erred in not taking into consideration the bad faith of the Appellees in refusing to *1033 accept the rent and then declaring a default on the lease; and
2) Whether the city court erred in not taking into consideration the Appellant’s good faith in attempting to render rental payments.
The standard of appellate review of factual findings in a civil action is subject to the manifest error standard of review.
Watters v. Dept. Of Social Services, 08-0977, p. 16 (La.App. 4 Cir. 6/17/09), 15 So.3d 1128, 1142, (citing Snearl v. Mercer, 99-1738, 99-1739, p. 11 (La.App. 1 Cir. 2/16/01), 780 So.2d 563, 574). Factual findings should not be reversed on appeal absent manifest error or unless clearly wrong. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989). If the trial court’s findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse. Sistler v. Liberty Mut. Ins. Co., 558 So.2d 1106, 1112 (La.1990). Upon a review of the pertinent law and facts, we find that the district court did not err in granting the Petition for Eviction of the Appellees.
La. C.C. art. 2668 defines a lease as a synallagmatic contract by which one party, the lessor, binds himself to give to the other party, the lessee, the use and enjoyment of a thing for a term in exchange for a rent that the lessee binds himself to pay. Contracts have the effect of law for the parties and may be dissolved only through the consent of the parties or on grounds provided by law. La. C.C. art. 1983. Contracts must be performed in good faith. Id. Further, in a lease contract, the lessee is bound to pay the rent according to the agreed terms. La. C.C. art. 2683. However, if the lessee fails to pay the rent when it becomes due, the lessor may dissolve the lease and regain possession of the property as provided by law. La. C.C. art. 2704.
In the first assignment of error raised on appeal, Mr. Cox asserts that the trial court erred in refusing to find bad faith on the part of the Appellees for failing to accept rental payments between the months of September and November 2011. Mr. Cox asserts that the Appellees accepted his partial payment for the month of August 2011, but refused all his subsequent attempts to make partial payments. Thus, he argues that it was fraudulent on the part of the Appellees to refuse to | .^accept rent, and in turn allege default by Mr. Cox. He further argues that he tendered rent payments to the Appellees every month until he received notice from the Appellees that no more rental payments would be accepted.
The record indicates that Mr. Cox, subsequent to August 2011, was already several months delinquent in his rental payments, and further, owed a substantial amount of late fees due to his constantly having tendered rental payments late to the Appellees. Mr. Cox made an attempt to pay rent for the month of August 2011 with a check drawn on a third party name; however, shortly after producing the check to Mr. Jacobs, he instructed Mr. Jacobs to hold the check rather than negotiating it. There are contradictory reasons from the parties as to why the check was not to be cashed. Mr. Jacobs then informed Mr. Cox, through email, that due to his being numerous months late on his rental payments, in addition to now August, that all rents and past due fees must be tendered to the Appellees in order for the lease agreement to continue. Mr. Jacobs’ email specifically stated that partial payments were not acceptable. In response, Mr. Cox provided Mr. Jacobs with a money order for $1000 as partial payment of the August 2011 rent. Upon receiving this payment, Mr. Jacobs informed Mr. Cox that the Appellees were not accepting any more payments from Mr. Cox, and also *1034 requested that Mr. Cox amicably vacate the premises. Though Mr. Jacobs sent numerous notices to Mr. Cox to amicably vacate the leased premises, he failed to do so until the Appellees filed a formal eviction proceeding against him. Mr. Cox refused and remained in the leased premises until the hearing date.
IfiMr. Cox argues that the Appellees were in bad faith for accepting his partial payment, refusing to accept any more, partial payments subsequently, and alleging that he was in default. Mr. Cox asserts that he was “lulled into a false sense of security” by the Appellees because they always accepted his late and partial payments.
Mr. Cox’s argument lacks merit. In support of his position that he was lulled into a false sense of security by the Appellees, Mr. Cox relies on Sciacca v. Ives, 06-1082, p. 7 (La.App. 4 Cir. 2/7/07), 952 So.2d 762, 766, where our Court addressed the issue of partial rental payments tendered in violation of the lease agreement. Mr. Cox relied on our opinion noting in pertinent part that:
A lessor may be estopped from strictly enforcing the terms of the lease agreement pertaining to payment of rent if he or she has “lulled the lessee into a false sense of security” by accepting the rent in a manner other than that originally agreed upon.
However, Mr. Cox’s reliance is inapplicable in this matter. In Sciacca, an action for rescission of a lease and eviction was brought by Heydie K. Sciacca, M.D. (“Dr. Sciacca”) against Peter Butler Ives, Jr. (“Ives”), and Gillian Lindsey Joy Hansen (“Hanson”)[2], who rented an apartment from Dr. Sciacca at 3219 Prytania Street in New Orleans in August 2005. Dr. Sci-acca, Ives and Hanson executed a lease agreement on July 31, 2005 for a term of one year, with occupancy to begin on August 1, 2005. Hurricane Katrina struck New Orleans on August 28, 2005. |7Although the apartment was undamaged by the hurricane, the city was closed to residents until September 28, 2005.
Dr. Sciacca asserted that following Hurricane Katrina, Ives and Hanson violated the lease agreement by failing to pay rent for the months of September, October, and November 2005. Dr. Sciacca filed a petition to rescind the lease and to evict Ives and Hanson. During trial, Dr. Sciacca admitted to receiving partial rental payment for the month of October 2005 from Hanson, which she failed to accept or cash. She testified that though she received the check, she failed to negotiate the check and returned it to the Appellee. On appeal, our Court found that “... thus, even though Dr. Sciacca received Hanson’s check for one-half of the rent for October, she did not accept the payment and returned the check to Ives.” Id. Thus, our Court, in its ruling, held that Ives was liable to Dr. Sciacca for the October rental payment in the full amount of $1,350.
And as in this matter, the Appellees received the partial payment submitted by Mr. Cox. However, the record indicates that when the Appellees failed to negotiate the partial payment and sent several letters and emails informing Mr. Cox that the partial payment was not acceptable, the Appellees did not accept the partial payment. Hence here, the Appellees never negotiated the money order for the partial payment, and when ordered in court to return it back to Mr. Cox, instantly did so. *1035 Thus, the Appellees never accepted the partial payment.
Furthermore, Mr. Jacobs, on numerous occasions in August, September, and October 2011, informed Mr. Cox that the lease agreement held between them was |scancelled. These emails and letters provided Mr. Cox sufficient notice of the termination of the lease. Thus, the Appellees were not under any obligation to accept the past due or subsequent partial payments from Mr. Cox once they had requested Mr. Cox to evacuate the premises. Further, at this juncture, Mr. Cox owed the Appellees for remaining in the building rather than leaving as requested. Therefore, the law and pertinent facts in the matter sub judice provides that the city court did not err in finding that the Appel-lees were not in bad faith for refusing to accept the rent payments from Mr. Cox. Thus, this assignment of error is without merit.
In his second assignment of error, Mr. Cox asserts that the city court erred in not considering his good faith attempts to tender rental payments to the Appellees during the alleged default months. Mr. Cox argues that the Appellees’ refusal to accept rent was noted in trial, yet the city court did nothing to enforce the lease by ordering Mr. Jacobs to accept rent on behalf of the Appellees. Thus, he maintains that the city court erred in allowing the dissolution of the lease, relieving Mr. Jacobs as the landlord of his obligation to accept rent, and relieving Mr. Jacobs of the obligation to peacefully protect Mr. Cox’s possession of the premises.
The lease agreement between the parties states that in the event the Lessee, Mr. Cox, defaulted on the rental payments, the Lessor, the Appellees, had the right to terminate the lease agreement, with all notices waived.
Here, the Appellees filed a petition for eviction asserting a cause of action that Mr. Cox had failed to pay rent on numerous occasions, or had failed to pay | arent on time, thus resulting in extensive late fees. The Appellees asserted that Mr. Cox had failed to tender the full amount of the rental payments for the month of August, and specifically through November, though Mr. Cox had failed to vacate the leased premises. In addition to their petition for eviction, the Appellees attached to the record numerous emails and correspondence sent to Mr. Cox reminding him of the past due rental payments, and also informing Mr. Cox of their intent to dissolve the lease agreement if he failed to fulfill the terms of the lease agreement by the end of August 2011.
Mr. Cox argues that the city court failed to consider his good faith in trying to tender rent payments. However, the record and transcripts do not support his arguments. The record indicates that Mr. Cox was offered numerous opportunities to either pay rent or leave the premises; he did neither. He failed to attach any supporting documents to his Answer which he ultimately filed before the hearing. He failed to provide any proof that beyond the partial payment of $1000, which he paid to the Appellees in mid-August, he had attempted to provide any further payments to the Appellees. Furthermore, the record indicates that when Mr. Cox was offered the opportunity to tender the past due payments to Mr. Jacobs, on behalf of the Appellees on the morning of the hearing, Mr. Cox failed to even provide a substantial fraction of the amount due to the Appellees. Therefore, the city court did not err in declining to consider the alleged good faith of Mr. Cox in attempting to tender the rental payments. This assignment of error is without merit.

*1036
DECREE

| ]nJoseph Cox failed to prove to the court why he should not be evicted from the leased premises when he had numerous opportunities to tender rental payments to Snappy Jacobs or vacate the premises, but failed to do either. His arguments of good faith were without merit as he failed to provide proof of his good faith attempts to pay his rent. Therefore, for the foregoing reasons, the judgment of the city court granting the Petition for Eviction of Cory R. Cahn, Mike Cahn, III, Whitney Cahn, Sandra Cahn, and Capital One Bank, NA, Trustee of the Cahn trust represented by Snappy Jacobs, CCIM Real Estate Management, LLC, is affirmed.
AFFIRMED

. The Cahn Trust is represented and managed by Mr. Snappy Jacobs. Thus, Mr. Jacobs has been in the position as the landlord of the leased premises and executed the eviction notices in this matter.

. The lease agreement held between the parties showed her name as spelled “Hansen", however, in other pleadings throughout, her name was spelled "Hanson.” Thus, for consistency, our Court elected to spell her name “Hanson."